IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER 9:17-CR-41-1-MAC |
| | § | |
| | § | |
| TRAVARIOUS BESHARD INGRAM | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Defendant, Travarious Beshard Ingram ("Ingram"), filed a *pro se* "Motion to Deviate from the Unites States Sentencing Guidelines Based on Newly Discovered Evidence for Cause and Motion for Appointment of Counsel" on May 26, 2023. (Docs. #468, #469.) The Government filed a response on July 3, 2023. (Doc. #477.) Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, this motion is before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

### I. BACKGROUND

On December 13, 2017, Ingram was indicted on multiple counts of drug and firearm offenses along with several co-defendants. (Doc. #1.) On May 16, 2018, Ingram was charged with ten counts in a superseding indictment. (Doc. #196.) On May 29, 2018, Ingram pled guilty to the drug conspiracy charge in count one and possession of a firearm in furtherance of a drug trafficking crime in count ten of the original indictment, all pursuant to a binding plea agreement under Rule 11(c)(1)(C). (Docs. #246, #249.) The court sentenced Ingram to 120 months' imprisonment for count one and 60 months' imprisonment for count ten to run consecutively to each other. (Doc. #249.) The final Presentence Investigation Report (PSR) states that Ingram had

a base offense level of 30 and a total offense level of 29.  (Doc. #360.)  No objections to the PSR were filed, and Igram was sentenced on November 6, 2018.  (Doc. #398.)  He did not appeal his conviction or sentence, and the time to do so has expired.  He did not otherwise file any documents contesting his sentence or conviction until the motion currently pending was filed on May 26, 2023.  (Doc. #468.)

## II. DISCUSSION

A court may not modify a sentence of imprisonment once it has been imposed unless there are certain circumstances present.  18 U.S.C. § 3582(c).  Those circumstances include: 1) extraordinary and compelling reasons exist and the defendant exhausted his administrative remedies; 2) the defendant is at least 70 years of age, has served at least 30 years in prison, is not a danger, and exhausted his administrative remedies; 3) a statute authorizes a modification; 4) within 14 days after sentencing, the court may correct a clear error; 4) substantial assistance is provided to the government; or 5) the defendant's sentencing range was subsequently lowered by the sentencing commission pursuant to 28 U.S.C. § 994(o) and such reduction is consistent with the section 3553 factors and applicable policy statements.  *Id.*

The Defendant does not assert extraordinary and compelling reasons in his letter, nor does he show that he has exhausted his administrative remedies.  He also does not meet any of the other criteria listed meriting a sentence modification or reduction.

Aside from seeking a modification of his sentence, a person in custody under a federal sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.  There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the constitution or laws of the United States; (2) the court

was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). Ingram does assert in his motion that his "sentence for 'meth' is unconstitutional in violation of the 14th Amendment and due process of law." (Doc. #468, at 3.) However, the statute of limitations to assert a section 2255 writ is one year, so Ingram's time to assert this type of action has expired. *See Reed v. United States,* No. 3:09-CR-052-K-1, 2017 WL 131715, at *1 (N.D. Tex. Jan. 12, 2017) ("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255.")

Further, the court cannot construe his current pending motion as a claim pursuant to 28 U.S.C. § 2241 and re-file it as such, because he is still currently confined in a penitentiary outside this district and state.[1] A section 2241 habeas petition must be filed in the district where the petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) ("To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian.").

In any event, Ingram's claims lack merit for application in this district. Ingram argues for the application of certain case law wherein courts granted downward variances at sentencing based upon a "categorical policy disagreement" regarding the guidelines' disparity between actual methamphetamine and a mixture of methamphetamine in determining offense levels. Those cases found the disparity unfair and unjust and have implemented a policy to treat actual methamphetamine cases and mixture methamphetamine cases the same when it comes to their

---

[1] Ingram's last court filing shows that he is housed in a Federal Correctional Institution in Forrest City, Arkansas. (Doc. #469.)

base offense level. He cited district court cases in Louisiana and Mississippi that have implemented this policy at the sentencing stage. Ingram, however, did not assert this argument at the time he was sentenced, and the court would not have been obligated to adopt this policy as other courts have.

Like in this case, in *United States v. Molina,* the defendant argued that the ten-to-one methamphetamine ratio violates due process because it is irrational and because its application is arbitrary. *United States v. Molina,* 469 F.3d 408, 413 (5th Cir. 2006). The appeals court found that the methamphetamine ratio in the guidelines has a rational basis and is not arbitrary because the pure product is more concentrated and can be cut into larger quantities for resale and the sentencing scheme for methamphetamine punishes more severely the sophisticated cooks who could otherwise manipulate the guidelines by producing smaller quantities of more concentrated methamphetamine. *Id.*

More recently, in this district, the court followed the guidelines applying the methamphetamine ratio. *See United States v. Cobos*, No. 1:21-cr-25-1 (E.D. Tex. April 8, 2022). The Defendant then appealed, and the Fifth Circuit affirmed the court's decision to follow the guidelines again finding the rationale for the disparity between actual methamphetamine and mixtures of methamphetamine rational. *United States v. Cobos*, No. 1:21-cr-25-1, 2022 WL 15798626 (5th Cir. 2022).

Accordingly, Defendant's motion (doc. #468) should be DENIED. In addition, his motion for appointment of counsel (doc. #469) should also be DENIED as moot.

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 29th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE